UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32BJ LEGAL SERVICES FUND,
BUILDING SERVICE 32BJ THOMAS SHORTMAN
TRAINING, SCHOLARSHIP AND SAFETY FUND
SEIU LOCAL 32BJ CONNECTICUT DISTRICT
PENSION FUND

                                                                Docket No. 20-cv-

                               Plaintiffs,

                                                                 COMPLAINT

      -against-

SJ SERVICES, INC.
                               Defendant.
-----------------------------------------------------------------X

The Building Service 32BJ Health Fund, Building Service 32BJ Legal Services Fund, Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund, SEIU Local 32BJ Connecticut District Pension Fund (the "Plaintiffs" or "Funds"), as and for their Complaint against SJ Services Inc. the ("Defendant" or "Employer") respectfully alleges as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee health fund, legal services fund, a training, scholarship and safety fund and pension fund for contractual and other equitable relief under ERISA, to secure performance by the Defendant of specific statutory and contractual obligations, to pay and or remit the required monetary contributions and reports to the Funds, as per the contractual and statutory requirements, to remit required employee information to the Funds' electronic Employer Self-Service System

1

("ESS"), and to compel the Defendant's compliance with a payroll compliance audit. This Complaint alleges that by failing, refusing and or neglecting to pay and submit the required monetary contributions to the Funds, by failing to upload the required information such as the hours worked by the Defendant's employees in a timely manner, as required by the Funds' rules and regulations, and by failing to comply with the Funds' auditors when they attempted to conduct a payroll compliance audit on the Defendant, that the Defendant has violated its collective bargaining agreement (the "Agreement"), and the respective trust agreements of the Funds and ERISA.

## JURISDICTION

1. Jurisdiction of this Court is invoked under the following statutes:

    (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. §1132(e) (1) and (f);

    (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

    (c) 28 U.S.C. Section 1331 (federal question); and

    (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

2. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. 1132 (e)(2)). Service of process may be made on the Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)).

## PARTIES

3. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in

accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502 (d)(1) of ERISA. (29 U.S.C.§ 1002(2), (3), and 1132(d)(1)), and are multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is, *inter alia*, to receive contributions from employers who are parties to collective bargaining agreements with the Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute the health, legal, training, scholarship, safety and pension benefits to those employees eligible to receive them. The Funds maintain its office and are administered at 25 West 18th Street, 4th floor, New York, New York 10011 in the City, County and State of New York.

4. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5. Upon information and belief, at all times material hereto Defendant was and continues to be a Massachusetts for-profit corporation with a principal place of business at 235 Newbury Street, Danvers, Massachusetts 01923. The Defendant was and still is doing business as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145) and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

6. Upon information and belief, at all times material hereto Defendant was party to a series of collective bargaining agreements (the "Agreements") with the Union, wherein, *inter alia*, Defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, in accordance with the Funds' rules and regulations, for the Defendant's employees within the unit set forth in the Agreement. Furthermore, the Agreement requires Defendant to comply with the Funds' Declarations of Trust and the Funds' Collections Policies and Procedures.

7. Upon information and belief, the Agreement, the Funds' Declarations of Trust and the Funds' Collections Policies all require the Defendant to submit and upload to the Funds' online payment system, (commonly referred to as the "Employer Self Service" system or "ESS"), the employee's information into ESS. Once that is done the Defendant is required to make the necessary benefit contributions due, electronically to the Funds. This Employer self-service reporting system is the only way the Funds can determine what contribution amounts are actually due to the Funds. It is also the only way for the Funds to determine for which employees the Funds should provide the requisite benefit coverage. Further, to confirm the accuracy of this self-reporting system, the Defendant is required, by the Declarations of Trust and Collections Policies, to fully cooperate with the Funds, if and when the Funds and/or the Funds' auditors conduct a payroll compliance audit on the Employer. The Funds' Audits are performed in order to confirm the accuracy of the Employer's self-reporting.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)

8. The Funds repeat and reallege each allegation set forth in paragraphs 1 through 7 as if fully set forth herein.


Case 1:20-cv-01652-GHW   Document 2   Filed 02/27/20   Page 5 of 10

9. Pursuant to the Agreements, there became due and owing to the Funds from Defendant benefit contributions due for the regular monthly contributions due, in the estimated amount of $1,374.86, for the time period of May 2014 through the month of December 2019. Although all of the unpaid contributions have been duly demanded by the Funds, the Defendant has not paid the past due contributions to the Funds. Due to this the Funds have been damaged in the amount to be determined.

10. Defendant has also fallen delinquent in its contributions owed to the Funds, based on the contributions due pursuant to two separate unpaid Funds' Audits. The unpaid Audits were for the Audit Time Periods of July 1, 2010 through May 31, 2013 and for the Audit Time Period of June 1, 2013 through December 31, 2014. The total audit contributions due to the Funds for these two audits was $21,290.04. Although all of the unpaid Audit contributions due were duly demanded by the Funds, the Defendant has failed and refused to pay the Audit contributions. Due to this the Funds have been damaged in the amount to be determined.

11. For the Audit periods July 1, 2010 through December 31, 2014 and for the regular monthly contribution period of May 2014 through December 2019, the Defendant has failed and refused to pay the Funds, the total principal contribution amounts due of no less than $22,664.90 in required contributions, in violation of the Agreements.

12. The failure, refusal or neglect of Defendant to make the required contributions to Plaintiff Funds constitutes a violation of the Agreements between Defendant and the Union with respect to the Funds as third-party beneficiaries.

13. Accordingly, Defendant is liable to the Funds for benefit contributions in the amounts due for the periods set forth above, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant, plus the

liquidated damages, plus interest, plus the Funds' attorney's fees and court costs incurred in collecting the delinquent contributions.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF ERISA)

14. The Funds repeat and realleges each and every allegation contained in paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

15. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements.

16. Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or remit the required monetary contributions and/or reports to the Funds when due. Such failure to make payment or timely payment and/or remit reports constitutes a violation of Section 515 f ERISA (29 U.S.C. § 1145).

17. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to Plaintiffs the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plans or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and distributions incurred in the action.

18. For the period July 1, 2010 through December 31, 2014 for the audits and for the period of May 2014 through December 2019 for the regular monthly contributions, the Defendant has failed to pay to the Funds no less than $22,664.90 in required principal contributions, in violation of ERISA.

19. Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for

the additional amount of said statutory damages, liquidated damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

### AS AND FOR A THIRD CLAIM FOR INJUNCTIVE RELIEF
### (FUND'S CLAIM FOR BREACH OF ERISA)

20. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

21. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements.

22. The Agreements, Funds' Declarations of Trust, and Funds' Collections Policies mandate that Defendant report the hours worked of each covered employee into the Funds' Electronic Self-Service System. This is the sole method for the Funds to determine what contributions are owed, and for whom.

23. In violation of the Agreements, Declarations and Collections Policies, the Defendant has failed to upload the hours worked by their covered employees, for various months during the time period of January 1, 2017 through December of 2019 rendering the Funds unable to provide benefits for the Defendant's covered employees, or collect the employee benefit contributions due based on these reports.

24. Upon information and belief, Defendant has failed to upload its employees' hours because it wishes to shirk its obligations under the Agreements and avoid the further liability for the unpaid employee benefit contributions that will become evident once the missing hours worked are uploaded by the Defendant to the Funds' electronic payment system.

25. The Funds will be irreparably harmed without an injunction. Plaintiffs will lose Defendant's contributions while at the same time potentially having to pay out benefits to

Defendant's employees. Additionally, the covered employees not reported by the Defendant to the Funds will continue not receiving benefits at all.

### AS AND FOR A FOURTH CLAIM FOR INJUNCTIVE RELIEF
### (FUND'S CLAIM FOR BREACH OF ERISA)

26.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 25 of this Complaint as if set forth fully therein.

27.     Defendant is obligated, pursuant to the terms of the Agreement and ERISA, to permit and cooperate in the conducting of audits of the books and records of Defendant by the Funds.

28.     At all times material herein, the Defendant has failed and refused to fully cooperate with the audit of its books and records for the new audit time period of January 1, 2015 through the present.

29.     Absent an injunction from this Court, the Funds have no way of knowing if the Defendant is in compliance with the Agreement and ERISA.

30.     The Funds will be irreparably harmed without an injunction. Plaintiffs will lose Defendant's contributions while at the same time potentially having to pay out benefits to Defendant's employees. Additionally, covered employees not reported by Defendant will continue not receiving benefits at all.

31.     Accordingly, pursuant to the terms and conditions of the Agreement and ERISA, the Funds demand an Order directing the Defendant to permit and fully cooperate with the Funds and/or their designated representatives, as they conduct the aforesaid audit of the Defendant's books and records, for the Audit time period of January 1, 2015 through the present time and for the Funds' audit costs, attorney's fees and other damages called for by the Agreements and ERISA.

**WHEREFORE**, the Plaintiff Funds demand judgment:

a. against Defendant for payment of all past due principal contributions due for the Audit time period of January 1, 2010 through December 31, 2014, and for the regular monthly contributions due for the time period of May 2014 through December 2019, in an estimated amount of no less than $22,664.90.

b. against Defendant for payment of all contributions which may become due during the pendency of this action, in accordance with ERISA § 502(g)(2) and the Agreement,

c. against Defendant for all accrued prejudgment interest due on all contributions, including those untimely made prior to filing of the present suit, in accordance with ERISA § 502 (g)(2) and the Agreement,

d. against Defendant for statutory damages on all contributions now due and which may accrue during the pendency of this action, plus liquidated damages, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g)(2) and the Agreement;

e. for an Order compelling the Defendant to immediately upload to the Plaintiff's electronic system, the missing hours worked by the Defendant's employees, and for Defendant to pay to the Funds all the associated additional contributions that may be due, once those missing hours worked have been uploaded, plus interest, statutory damages, liquidated damages, reasonable attorneys' fees and costs of suit in accordance with E.R.I.S.A. § 502(g) (2) and the Agreement.

f. for an Order directing the Defendant to permit and fully cooperate with the Funds and/or the Funds' agents and or audit firm, as they conduct the payroll compliance audit of the books and records of the Defendant, for the period January 1, 2015 through the present, and for an Order directing the Defendant must pay the Funds for the associated contributions owed, plus

interest, audit fees, statutory damages, liquidated damages, reasonable attorneys' fees and costs of suit in accordance with ERISA § 502(g) (2) and the Agreement.

      g.      for such other and further relief as the Court deems just and proper.

Dated: Fort Lee, New Jersey
       February 25, 2020

                              RAAB, STURM & GANCHROW, LLP

                              BY: _/s/ Maura E. Breen_
                                  Maura E. Breen (MB-1258)
                                  Attorneys for Plaintiff Funds
                                  2125 Center Avenue, Suite 100
                                  Fort Lee, New Jersey 07024
                                  (Tel) 201-292-0150
                                  (Fax) 201-292-0152
                                  mbreen@rsgllp.com