USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/19/20

# RAAB, STURM & GANCHROW, LLP

COUNSELORS AT LAW
2125 CENTER AVENUE, SUITE 100
FORT LEE, NEW JERSEY 07024
Tel: (201)292-0150
FAX: (201)292-0152

RONALD RAAB*
IRA A. STURM***
ARI D. GANCHROW*

MAURA E. BREEN**
SAMUEL R. BLOOM****

\* ADMITTED IN NY AND NJ
\** ADMITTED IN NY AND CT
\*** ADMITTED IN NY AND FLA
\****ADMITTED IN NY, NJ AND MD

August 18, 2020

**VIA ECF**
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

**MEMORANDUM ENDORSED**

Re: Building Service 32BJ Health Fund, Building Service 32BJ Legal Services Fund, Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund, SEIU Local 32BJ Connecticut District Pension Fund, as Plaintiffs, -v.- SJ Services Inc., Defendant
Case No. 1-20-cv-01652 (GHW)

Dear Judge Woods:

On behalf of the Plaintiffs Building Service 32BJ Health Fund, Building Service 32BJ Legal Services Fund, Building Service 32BJ Thomas Shortman Training Scholarship and Safety Fund and SEIU Local 32BJ Connecticut District Pension Fund, the Plaintiffs write to the court to request a pre-motion conference regarding discovery disputes.

Plaintiffs are aware of Your Honor's rules requiring a joint letter from the parties regarding any discovery disputes that the parties wish to bring to the court's attention. Plaintiffs sent a draft of this letter along with an Exhibit "A" to the Defendant's attorneys by email on August 10, 2020. Since that date, the parties have spoken numerous times trying to resolve our disputes. On August 17, 2020 I spoke with Tim Buckley, one of the Defendant's attorneys, and I asked him to send me their edits/comments on the draft joint letter, by twelve noon today. At around one o'clock this afternoon the Defendant's attorney sent me an email stating they were working on the edits and expect they would have their edits to me later today. It is now after six

fifty p.m. and I have not received anything back from the Defendants. The Defendants had the draft joint letter for six business days. For this reason, Plaintiffs have filed this letter with the court without the Defendants edits.

Plaintiffs brought this action pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act and Section 301 of the Labor-Management Relations Act of 1947 seeking statutory and contractual obligations to pay and/or submit monetary contributions and reports to the Funds. One of the issues in the lawsuit is the Defendant's failure to cooperate with Plaintiffs, as they conduct a new payroll compliance audit. The new payroll audit covers the time period of January 1, 2015 through May 31, 2020.

The discovery dispute relates to the certain documents Plaintiffs had requested the Defendants produce, in Plaintiffs' first request for production of documents. Defendant failed to produce many of the documents requested by Plaintiffs. The parties discussed this issue of the missing documents a few times. The parties had a meet and confer phone conversation about this on July 21, 2020. On that call were Maura Breen attorney for Plaintiffs and Tim Buckley and Rob Fisher, attorneys for the Defendant. The parties further discussed the issue during the settlement/mediation conference with Magistrate Judge Cott on July 30, 2020. On that conference call were Maura Breen and Ira Sturm, attorneys for Plaintiffs and Tim Buckley and Rob Fisher, attorneys for the Defendant. The parties also had their clients on that call as well. When the conference call with the Magistrate ended, the parties broke off and continued the conversation in the afternoon. The parties also discussed this issue during a conference call on August 5, 2020. On that call were Maura Breen attorney for Plaintiffs, Mike Fox from Plaintiffs' accounting firm and Tim Buckley and Rob Fisher, attorneys for Defendant. Maura Breen also spoke to Tim Buckley and Rob Fisher in separate phone calls on August 6, 2020, regarding this matter. The parties probably have spent in total, more than three hours discussing the missing documents issue.

Attached to this letter as Exhibit "A" is a list of the missing documents created by the Plaintiff's auditor. Among the missing documents are the following.

> ### 2015 Missing Payroll and Missing State and Federal Payroll Taxes
> For calendar year 2015, the Defendant only submitted payroll information for the weeks of April 24, 2015 through June 12, 2015. There is missing payroll for the rest of the year. The Defendant claims they do not have the 2015 payroll records, since the two payroll companies they were using at the time both went out of business. Defendant failed to submit any payroll taxes at all for the year 2015.
>
> ### 2016 Missing Payroll and Missing State and Federal Payroll Taxes
> Missing payroll for four weeks in 2016. Missing all State and Federal Payroll taxes for 2016
>
> ### 2019 Missing Payroll
> Missing payroll for the second, third and fourth quarter of 2019.
>
> ### 2020 Missing Payroll and Missing State and Federal Payroll Taxes
> Missing payroll and missing State and Federal Payroll taxes for the first and second quarter of 2020.

The Defendant claims do not have the missing payroll items and taxes in their possession and therefore cannot produce same. Defendant explained the two payroll companies they were using from 2015 up through the first quarter of 2017 went out of business.

Plaintiffs understand that if the payroll companies closed it might be more difficult, but not impossible, for Defendant to obtain the missing records. Plaintiffs asked Defendant why they could not get the tax information for 2015 through first quarter of 2017, from the IRS and the relevant state tax authorities. The Defendant has not advised Plaintiffs as to whether or not they will request the tax documents from the tax authorities.

Plaintiffs further believe Defendant must have in their possession the information that the Defendant supplied to the now defunct payroll companies, back in 2015, 2016 and 2017. The Defendant must have sent the payroll companies the required information to run the payroll. The Defendant would have sent the payroll companies the Defendant's employees' name, social security number, the number of hours the employee worked, the employee's rate of pay etc. The Defendant should have this information in their records. Plaintiffs assert that if the Defendant cannot produce the missing payroll and tax documents, then they should produce the information that was sent to the payroll companies and obtain the tax documents from the federal and state tax authorities.

Another issue in dispute regarding discovery, is the Defendant's refusal to send their General Ledger information electronically to the Plaintiffs' audit firm's secure link. The other documents produced by Defendant for the new audit, were all sent to Plaintiffs' audit firm electronically. But for the General Ledger, the Defendant insists the auditors must travel to the Defendant's office in Danvers, Massachusetts to review the General Ledger. Plaintiffs believe this refusal to send the General Ledger electronically is simply meant to harass the Plaintiffs. The Plaintiffs' auditor confirmed that it is common practice for the employers to send their General Ledger electronically to the audit firm.

Please advise if the court can schedule a pre-motion conference to discuss these matters with the parties. Thank you for the court's attention to this matter.

          Respectfully submitted,

          RAAB, STURM & GANCHROW, LLP
          2125 Center Avenue, Suite 100
          Fort Lee, New Jersey 07024
          mbreen@rsgllp.com
          isturm@rsgllp.com

          By: _____/s/ Maura Breen_____
                  Maura Breen, Esq.

*ATTORNEYS FOR PLAINTIFFS*

SEYFARTH SHAW LLP
620 8th Avenue-32nd floor
New York, New York 10018
hwexler@seyfarth.com
tbuckley@seyfarth.com

<u>No input  from Defendant</u>

*ATTORNEYS FOR DEFENDANT*

Application granted.  The Court will hold a conference call regarding Plaintiffs' proposed motion to compel on August 24, 2020 at 1:00 p.m.  The parties are directed to use the conference call dial-in information and access code noted in the Court's Emergency Rules in Light of COVID-19 available on the Court's website, and are specifically directed to comply with Emergency Rule 2(C).

SO ORDERED.

Dated:  August 18, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge